UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| ZURICH AMERICAN INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>EAGLE SECURITY SERVICES, INC. and DOES 1 to 100, inclusive,<br><br>Defendants. | Case No. 8:19-cv-01859-JLS (KESx)<br><br>**ORDER REGARDING CONFIDENTIALITY OF DISCOVERY MATERIAL AND INADVERTENT DISCLOSURE OF PRIVILEGED MATERIAL**<br><br>Magistrate: Hon. Karen E. Scott<br>Ctrm: 6D<br><br>Complaint Filed: September 28, 2019 |

Whereas, the court has reviewed the Stipulation of Plaintiff/Judgment Creditor Zurich American Insurance Company ("Zurich") and Lina Kamel, a principal of Defendant/Judgment Debtor Eagle Security Services, Inc. ("Eagle Security") for Entry of an Order Regarding Confidentiality of Discovery Material and Inadvertent Disclosure of Privileged Material, and finding just cause therefor, enters the following order:

1. Designation of Discovery Materials as Confidential. The following documents produced in the course of discovery to enforce judgment, all Responses to Requests for Production of Documents, and all testimony at any examination of

judgment debtor and exhibits thereto (the "Collection Action") shall be subject to this Order concerning confidential information, as set forth below:

(a) The designation of confidential information shall be made by placing or affixing on the document, in a manner which will not interfere with its legibility, the word "CONFIDENTIAL." One who provides material may designate it as "CONFIDENTIAL" only when such person in good faith believes it contains sensitive personal information, trade secrets or other confidential research, development, financial, operational or commercial information which is in fact confidential. A party shall not routinely designate material as "CONFIDENTIAL," or make such a designation without reasonable inquiry to determine whether it qualifies for such designation. Except for documents produced for inspection at the party's facilities, the designation of confidential information shall be made prior to, or contemporaneously with, the production or disclosure of that information. In the event that documents are produced for inspection at the party's facilities, such documents may be produced for inspection before being marked confidential. Once specific documents have been designated for copying, any documents containing confidential information will then be marked confidential after copying but before delivery to the party who inspected and designated the documents. There will be no waiver of confidentiality by the inspection of confidential documents before they are copied and marked confidential pursuant to this procedure.

(b) Portions of the examination of a party's present and former officers, directors, employees, agents, experts, and representatives shall be deemed confidential only if they are designated as such when the examination is taken or within seven business days after receipt of the transcript. Any testimony which describes a document which has been designated as "CONFIDENTIAL," as described above, shall also be deemed to be designated as "CONFIDENTIAL."

(c) Information or documents designated as confidential under this Order shall not be used or disclosed by the parties or counsel for the parties or any

persons identified in subparagraph (d) below for any purposes whatsoever other than preparing for and conducting the Collection Action in which the information or documents were disclosed (including appeals).

(d) The parties and counsel for the parties shall not disclose or permit the disclosure of any documents or information designated as confidential under this Order to any other person or entity, except that disclosures may be made in the following circumstances:

(i) Disclosure may be made to counsel and employees of counsel for the parties who have direct functional responsibility for the Collection Action. Any such employee to whom counsel for the parties makes a disclosure shall be provided with a copy of, and become subject to, the provisions of this Order requiring that the documents and information be held in confidence.

(ii) Disclosure may be made only to employees of a party required in good faith to provide assistance in the conduct of the Collection Action in which the information was disclosed.

(iii) Disclosure may be made to court reporters engaged for examinations and those persons, if any, specifically engaged for the limited purpose of making photocopies of documents. Prior to disclosure to any such court reporter or person engaged in making photocopies of documents, such person must agree to be bound by the terms of this Order.

(iv) Disclosure may be made to consultants, investigators, or experts (hereinafter referred to collectively as "experts") employed by the parties or counsel for the parties to assist in the Collection Action. Prior to disclosure to any expert, the expert must be informed of and agree in writing to be subject to the provisions of this Order requiring that the documents and information be held in confidence.

(e) Except as provided in subparagraph (d) above, counsel for the parties shall keep all documents designated as confidential which are received under

this Order secure within their exclusive possession and shall take reasonable efforts to place such documents in a secure area.

(f) All copies, duplicates, extracts, summaries, or descriptions (hereinafter referred to collectively as "copies") of documents or information designated as confidential under this Order or any portion thereof, shall be immediately affixed with the word "CONFIDENTIAL" if that word does not already appear.

2. Confidential Information Filed with Court. To the extent that any materials subject to this Confidentiality Order (or any pleading, motion or memorandum disclosing them) proposed to be filed or are filed with the Court, those materials and papers must be redacted by the filing party in compliance with Fed. R. Civ. P. 5.2 and Local Rules 5-4.3.2 and 5.2-1 before filing.

3. Party Seeking Greater Protection Must Obtain Further Order. No information may be withheld from discovery on the ground that the material to be disclosed requires protection greater than that afforded by paragraph (1) of this Order unless the party claiming a need for greater protection moves for an order providing such special protection.

4. Challenging Designation of Confidentiality. A designation of confidentiality may be challenged upon motion before Magistrate Karen E. Scott, utilizing the magistrate's procedures for Informal Telephonic Conference in Discovery Disputes (Section 3 of the procedures listed on Magistrate Scott's website page on the United States District Court, Central District of California website. The burden of proving the confidentiality of designated information remains with the party asserting such confidentiality.

5. Return of Confidential Material at Conclusion of Collection Action. At the conclusion of the Collection Action, all material treated as confidential under this Order and not received in evidence shall either be returned to the originating party, or the material may be destroyed instead of being returned.

6. Non-waiver of privilege for inadvertently disclosed materials. The inadvertent disclosure of any document that is subject to a legitimate claim that the document is subject to the attorney-client privilege or the work-product protection shall not waive the protection or the privilege for either that document or for the subject matter of that document.

7. Return of inadvertently disclosed materials. Except in the event that the requesting party disputes the claim, any documents the producing party deems to have been inadvertently disclosed and to be subject to the attorney-client privilege or the work-product protection shall be, upon written request, promptly returned to the producing party, or destroyed, at that party's option. If the claim is disputed, a single copy of the materials may be retained by the requesting party for the exclusive purpose of seeking judicial determination of the matter.

IT IS SO ORDERED.

Date: March 26, 2021

*Karen E. Scott*

Magistrate Judge Karen E. Scott
United States District Court for the Central District of California